DLD-023                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1660
_____

GEORGE J. TAYLOR, III,
                                        Appellant

v.

ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
JOSEPH P. NISH, SUPERINTENDENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:11-cv-00642)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action Pursuant to Third Circuit
L.A.R. 27.4 and I.O.P. 10.6 and on Appellant's Request for a
Certificate of Appealability Under 28 U.S.C. § 2253(c)(1)
October 25, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  January 30, 2013)
_____

OPINION
_____

PER CURIAM

        George Taylor, a Pennsylvania prisoner, appeals from an order dismissing his

habeas corpus petition without prejudice for failure to exhaust state-court remedies.  We

will vacate and remand for further proceedings.

Because our decision today is narrow, we will not recite the factual history of this case, with which the parties are familiar. Taylor filed a 28 U.S.C. § 2254 petition in January 2010 (M.D. Pa. Civ. No. 1:10-cv-00206), in which he appeared to challenge the processes used to issue a Pennsylvania state detainer, as well as the procedures surrounding a then-upcoming parole revocation hearing. The District Court swiftly dismissed the petition without prejudice as unexhausted on February 1, 2010. Taylor then filed his second such petition—the one at issue in this appeal—in which he again challenged the detainer and/or parole proceedings. In fact, the parties disagreed on the main thrust of the petition; the Commonwealth took the view that Taylor was trying to attack his parole revocation and urged that the petition be dismissed as procedurally defaulted or, alternatively, as meritless, whereas Taylor reiterated that the "sole reason" for his challenge was that there had "never been a detainer lodged [against him]" and thus that he was held in custody illegally. Once again, the District Court dismissed Taylor's petition without prejudice as unexhausted, determining that he had "failed to exhaust his state court remedies with respect to the detainer" because his attempts to pursue state remedies had all been dismissed for failure to comply with procedural requirements. See generally Taylor v. Nish, No. 1:11-CV-0642, 2012 WL 258659 (M.D. Pa. Jan. 27, 2012).

Taylor timely appealed,[1] again arguing that the detainer lodged by the Commonwealth was invalid.

We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).[2] Our review of the District Court's exhaustion analysis is plenary. See Holloway v. Horn, 355 F.3d 91 707, 713 (3d Cir. 2004). Summary action is appropriate when an appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

While Taylor's habeas petition may indeed be "unexhausted," that should not portend the end of the inquiry, especially if the respondents urge (as is the case here) that parts of the petition are either procedurally defaulted or, in the alternative, are moot; were we to leave the judgment of the District Court undisturbed, Taylor would be able to file *another* habeas petition based on the same set of facts, requiring an additional investment of time and expense by Taylor, the respondents, and the courts. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (discussing procedural default). While resolution of Taylor's petition is complicated by the fact that he and the Commonwealth are arguing at cross purposes—he about the detainer, the Commonwealth primarily about

---

[1] The case was originally stayed due to a pending post-judgment motion. The motion has been resolved, but since Taylor has not amended his notice of appeal, it is not currently before the Court. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

[2] Taylor's request for a certificate of appealability is granted, as the dismissal of his habeas petition on the ground of non-exhaustion is debatable, and the petition, at least as measured against the limited record before this Court, can be said to state a valid due-process claim. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

the parole issue—it appears that Taylor's claims pertaining to the detainer may have been mooted by the passage of time, and that his parole concerns may now be procedurally defaulted due to a lack of an available state remedy. Although the Commonwealth urges us to summarily affirm rather than remand, we believe that these inquiries are better conducted by the District Court in the first instance.

Accordingly, for the foregoing reasons, we will vacate the order of the District Court and remand for proceedings consistent with this opinion.